John **CERVANTES**, Petitioner–Appellant,

v.

Cheryl **PLILER**, Warden, Respondent–Appellee.

No. 00–56106.

D.C. No. CV–98–08523–LGB.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 15, 2001.*

Decided Oct. 23, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, we deny Cervantes' request for oral argument.

Before REINHARDT, GRABER and BERZON, Circuit Judges.

### MEMORANDUM **

John Cervantes, a California state prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. § 2254 petition as untimely under 28 U.S.C. § 2244(d). We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo the district court's dismissal of Cervantes' habeas petition, see *Miles v. Prunty*, 187 F.3d 1104, 1105 (9th Cir.1999), and we vacate and remand for further proceedings.

Cervantes contends that his § 2254 motion was timely filed because the Antiterrorism and Effective Death Penalty Act's (ADEPA) one-year limitation period was equitably tolled while a prior § 2254 petition was pending. This contention has merit.

The one-year statute of limitations began to run in Cervantes' case on April 24, 1996. *See* 28 U.S.C. § 2244(d)(1); *Miles v. Prunty*, 187 F.3d at 1105. On March 4, 1997, Cervantes filed a timely but mixed § 2254 petition.

On December 22, 1997, after the one-year limitations period had expired, the district court granted Cervantes' motion to dismiss the petition without prejudice to enable him to exhaust his claims in state court.

The district court dismissed as time-barred Cervantes' subsequent § 2254 petition, filed on October 11, 1998. While the district court properly concluded that he was not entitled to statutory tolling for the time during which his prior federal habeas petition was pending, see *Duncan v. Walker*, 531 U.S. 991, 121 S.Ct. 480, 148 L.Ed.2d 454 (2000), we recently held that the one-year limitation period should be equitably tolled where the district court dismisses a prior federal habeas petition without affording petitioner the opportunity to abandon his unexhausted claims as an alternative to suffering dismissal. *Tillema v. Long*, 253 F.3d 494, 503 (9th Cir.2001) (as amended on denial of rehearing and rehearing en banc). Because Cervantes was not given an opportunity to abandon his unexhausted claims, and his petition would be timely if given the benefit of equitable tolling under *Tillema*, we vacate and remand for further proceedings consistent with this opinion.

**VACATED and REMANDED.**[1]

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

1. Petitioner's request to expand the certificate of appealability is denied.