Clerence JONES, Petitioner–Appellant,

v.

A.A. LAMARQUE, Warden; Attorney
General of the State of California,
Respondents–Appellees.

No. 00–56359.
D.C. No. CV–00–04413–DT.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 14, 2002.*

Decided Jan. 23, 2002.

Before KLEINFELD, HAWKINS, and
SILVERMAN, Circuit Judges.

MEMORANDUM**

California state prisoner Clerence Jones
appeals the district court's dismissal of his
28 U.S.C. § 2254 petition as untimely. We
have jurisdiction under 28 U.S.C. § 2253,
and we affirm, *see Welch v. Fritz,* 909 F.2d
1330, 1331 (9th Cir.1990) (concluding that
appeals court may affirm for any reason
finding support in the record).

The district court dismissed Jones' first
section 2254 petition, which alleged denial
of the right to meaningful self-representa-

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

tion, as unexhausted because it failed to allege that the claim had been presented to the state's highest court. Jones then filed a second section 2254 petition alleging the same claim, which the district court again dismissed as containing unexhausted claims. During the pendency of Jones' second petition, the AEDPA's one-year statute of limitations expired. 28 U.S.C. § 2244(d)(1). Consequently, when Jones filed his third petition three weeks after dismissal of his second petition, the district court concluded that it was untimely filed and, in the alternative, denied the petition on the merits. We granted a certificate of appealability ("COA") specifically on the issue of whether Jones' petition was untimely.

■ Unfortunately, the district court did not have the benefit of our decision in *Tillema v. Long,* 253 F.3d 494, 503–04 (9th Cir.2001), and thus its dismissal of Jones' second petition without affording him the opportunity to abandon the unexhausted claims and factual allegations as an alternative to dismissal was in error. We conclude that with the benefit of equitable tolling, Jones' petition, therefore, is timely. *Id.* (concluding that where the district court's erroneous dismissal of a petition results in petitioner losing opportunity for federal review, petitioner is entitled to equitable tolling).

■ Our determination notwithstanding, we deem it necessary to address the district court's ruling on the merits of Jones' claim. *See Hiivala v. Wood,* 195 F.3d 1098, 1104 (9th Cir.1999) (per curiam) (considering and rejecting claim to broaden COA to include additional claims not presented to the motions panel for certification); *James v. Giles,* 221 F.3d 1074, 1076–

77 (9th Cir.2000). We reject as unpersuasive, however, Jones' contention that he was denied his right to meaningful self-representation because he did not have the time or resources to adequately prepare for trial.

During jury selection, Jones requested and was granted the right to represent himself.[1] The trial court ordered that Jones be moved to the pro-per module of the jail and granted access to the law library. Due to an influx of pro-per requests, however, the sheriffs were unable to comply until eight days into trial. The trial court repeatedly offered during trial to grant Jones a continuance so that he could have time to prepare his case. Jones, however, refused to waive his speedy trial rights and at no time requested standby or advisory counsel.

■ The right to self-representation is not without limit and demands only *reasonable* access to legal materials. *United States v. Sarno,* 73 F.3d 1470, 1491 (1995) (emphasis added). In this case, Jones was granted as much access as was reasonable considering that any further continuance would have violated the speedy trial rights that he refused to waive. *Id.* (concluding that the rights of pro per defendants must be balanced against resource constraints of the prison).

Accordingly, Jones fails to make a substantial showing of the denial of a constitutional right, and thus we shall not broaden the COA. *Hiivala,* 195 F.3d at 1104.

**AFFIRMED.**

---

1. Jones does not allege that his waiver of the right to counsel was not knowing and voluntary as required by *Faretta v. California,* 422 U.S. 806, 835, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).