**Tyrone McMILLAN, Petitioner–Appellant,**

v.

**Ernest C. ROE, Warden, Respondent–Appellee.**

No. 00–56496.

D.C. No. CV–99–06765–TJH.

United States Court of Appeals, Ninth Circuit.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

**398**

Submitted Feb. 11, 2002 *.

Decided Feb. 20, 2002.

Before B. FLETCHER, T.G. NELSON and TALLMAN, Circuit Judges.

### MEMORANDUM **

California prisoner Tyrone McMillan appeals pro se the district court's dismissal of his 28 U.S.C. § 2254 habeas petition as untimely. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo the district court's denial of McMillan's habeas petition on statute of limitations grounds, *see Miles v. Prunty*, 187 F.3d 1104, 1105 (9th Cir.1999), and we affirm in part, reverse in part, and remand.

McMillan contends that the district court erred in dismissing his second habeas petition as untimely because it had dismissed his prior, timely federal habeas petition as "mixed" under *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), without giving him the chance to strike the unexhausted claim and to proceed with the remaining exhausted ones.

The district court's "outright dismissal" of the first petition without leave to amend was error. *See Anthony v. Cambra*, 236 F.3d 568, 574 (9th Cir.2000). McMillan is entitled to equitable tolling of the statute of limitations with respect to the claims that he had properly exhausted by the time he filed his first § 2254 petition; otherwise the district court's erroneous dismissal "without prejudice" would have the

effect of precluding any federal review of these timely filed claims. *See Tillema v. Long*, 253 F.3d 494, 503–04 (9th Cir.2001).

But McMillan's lack of diligence in pursuing the single unexhausted claim presented in his first petition, and the new claims he subsequently added, precludes application of equitable tolling to those claims. *Cf. Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir.1999) (allowing equitable tolling if "external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim").

Accordingly, we conclude that, with the benefit of equitable tolling, McMillan's petition is timely only with respect to the exhausted claims that the district court dismissed "outright" in his first § 2254 petition. The district court did not err in concluding any newly presented claims are time-barred.

AFFIRMED in part, REVERSED in part and REMANDED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Appellant's request for oral argument is denied.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.