**Frederick L. JACKSON, Petitioner—Appellant,**

**v.**

**George M. GALAZA, Warden; Attorney General of the State of California, Respondents—Appellees.**

**No. 00–56435.**
**D.C. No. CV–99–6984–WDK.**

United States Court of Appeals, Ninth Circuit.

Submitted March 4, 2002 *.

Decided March 7, 2002.

Before PREGERSON, FISHER, and TALLMAN, Circuit Judges.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

888

## MEMORANDUM **

### I.

The District Court dismissed with prejudice for untimeliness Petitioner–Appellant Frederick L. Jackson's second petition for writ of habeas corpus. The District Court later denied Petitioner's motion for reconsideration of that dismissal. Petitioner appealed. We have jurisdiction pursuant to 28 U.S.C. § 2254(a) and REVERSE.

### II.

A jury convicted Petitioner in the Ventura County Superior Court, the California Second District Court of Appeals affirmed the conviction, and the California Supreme Court denied review. The conviction became final on September 9, 1997. Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the one-year statute of limitation for petitioning for a writ of habeas corpus in federal court would have expired on September 9, 1998. *See* 28 U.S.C. § 2244(d)(1). On March 19, 1998, Petitioner filed a timely first habeas petition in the United States District Court for the Central District of California. On November 9, two months after AEDPA's one-year statute of limitation expired, the District Court dismissed the petition as a " 'mixed petition' containing both exhausted and unexhausted claims." The District Court did not afford Petitioner the opportunity to abandon his unexhausted claims as an alternative to suffering dismissal.

Following the dismissal, Petitioner exhausted his state remedies by filing a habeas petition with the California Supreme Court on January 28, 1999, which was denied on May 26, 1999. Petitioner then filed a second habeas petition in the United States District Court for the Central District of California on July 7, 1999. The District Court dismissed this second petition with prejudice on May 3, 2000, as untimely after concluding that AEDPA's one-year statute of limitation had run two months before the first federal habeas petition was dismissed and almost ten months before the second federal habeas petition was filed. On June 8, the District Court denied Petitioner's motion for reconsideration of the dismissal. This timely appeal followed.

### III.

We have held that a district court commits prejudicial legal error where it dismisses a petitioner's timely mixed first federal habeas petition after AEDPA's one-year statute of limitation has expired "without affording him the opportunity to abandon his ... unexhausted claim[s] as an alternative to suffering dismissal." *Tillema v. Long*, 253 F.3d 494, 503 (9th Cir.2001). *See also James v. Pliler*, 269 F.3d 1124, 1126 (9th Cir.2001) (where timely petition contained both exhausted and unexhausted claims, the district court erred in dismissing petition after AEDPA's statute of limitation had expired "without providing [petitioner] with a meaningful opportunity to amend"); *Anthony v. Cambra*, 236 F.3d 568, 574 (9th Cir.2000) ("district courts must provide habeas litigants with the opportunity to amend their mixed petitions by striking unexhausted claims as an alternative to suffering dismissal"), *cert. denied* —— U.S. ——, 121 S.Ct. 2576, 150 L.Ed.2d 739 (2001). In these circumstances, a petitioner is entitled to equitable tolling. *See Tillema*, 253 F.3d at 503.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

The facts in the present case are indistinguishable from those in *Tillema.* For the reasons laid out there, Petitioner here is also entitled to equitable tolling. This equitable tolling puts Petitioner's second federal habeas petition inside AEDPA's one-year statute of limitation, and this petition, therefore, should not have been dismissed as untimely. Accordingly, we must reverse the District Court's dismissal with prejudice of Petitioner's second petition for writ of habeas corpus as untimely and the District Court's denial of his motion for reconsideration of that dismissal.[1]

## IV.

For the foregoing reasons, we reverse both the District Court's dismissal with prejudice of Petitioner's second federal petition for writ of habeas corpus as untimely and the District Court's denial of his motion for reconsideration of that dismissal. REVERSED and REMANDED for further proceedings consistent with this decision.

---

1. In his Answering Brief, Respondent argues that Petitioner waived the *Tillema* issue because he failed to raise it in his Opening Brief. Although the general rule in this circuit is indeed that appellants cannot raise a new issue for the first time in their reply briefs, we *can* consider such an issue if appellees have raised it in their answering brief. *See Eberle v. City of Anaheim,* 901 F.2d 814, 818 (9th Cir.1990). Respondent has raised the *Tillema* issue in his Answering Brief. As a result, we have discretion to consider the *Tillema* issue and have done so above.

