Kenyatta NGENGI, Petitioner–
Appellant,

v.

Roy A. CASTRO, Warden; Attorney
General of the State of California,
Respondents–Appellees.

No. 00–56363.

D.C. No. CV–99–00820 (GLT).

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 6, 2001.

Decided June 18, 2002.

Before PREGERSON, REINHARDT,
and SILVERMAN, Circuit Judges.

MEMORANDUM [1]

Kenyatta Ngengi ("Ngengi"), a California state prisoner, appeals the dismissal of his federal habeas petition as untimely. We have jurisdiction pursuant to 28 U.S.C. § 2254 and reverse.

Ngengi, acting pro se, timely filed a federal habeas corpus petition. After the one-year statute of limitations established by the Anti–Terrorism and Effective Death Penalty Act ("AEDPA") ran out, the district court dismissed Ngengi's petition without prejudice for failing to exhaust one of the claims. The district court did not advise Ngengi that he had the right to amend his federal habeas petition by deleting the one unexhausted claim as an alternative to suffering dismissal. Af-

ter exhausting the remaining claim in state court, Ngengi filed a second habeas petition which was dismissed as untimely.

When a petitioner files a federal habeas petition that includes both exhausted and unexhausted claims, the district court must give the petitioner "the choice of returning to state court to exhaust his claims *or of amending* or resubmitting *the habeas petition to present only exhausted claims to the district court.*" *Rose v. Lundy,* 455 U.S. 509, 510, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982) (emphasis supplied). We have held that "a district court, presented with a federal habeas petition for habeas review that includes exhausted and unexhausted claims, must explain to a pro se petitioner that he can amend the petition by deleting the unexhausted claims and proceed with only those that have been exhausted, rather than suffering dismissal of the entire petition without prejudice." *James v. Pliler,* 269 F.3d 1124 (9th Cir.2001); *see also Tilemma v. Long,* 253 F.3d 494, 503 (9th Cir.2001). The failure to so inform a petitioner merits the equitable tolling of "any time in excess of AEDPA's limitation period." *Tillema,* 253 F.3d at 503.

In this case, the district court committed "prejudicial legal error" when it dismissed Ngengi's petition without giving him the opportunity to amend his petition by deleting the unexhausted claim. *Id.* "[H]ad the district court followed the law, *i.e., Rose v. Lundy,* [Ngengi] would have been permitted to proceed with all but one of his claims; because the district court erred, [Ngengi] lost all opportunity for federal review of all of his claims." *Id.* at 504. Accordingly, "any time in excess of AEDPA's limitation period should be tolled." *Id.* at 503. We therefore reverse the district court's order dismissing Ngengi's petition as untimely and remand this case to

the district court for further proceedings consistent with this memorandum.

REVERSED and REMANDED.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.