**Gary L. HICKS, Petitioner–Appellant,**

v.

**Linda CLARKE, Warden, Respondent–Appellee.**

**No. 02–15123.**

**D.C. No. CV–99–20459–JW.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 2, 2002.*

Decided Dec. 4, 2002.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, appellant's request for oral argument is denied.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Before GOODWIN, TROTT, and GRABER, Circuit Judges.

### MEMORANDUM **

Gary L. Hicks, a California state prisoner, appeals pro se the dismissal of his 28 U.S.C. § 2254 petition as untimely. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo, *see Miles v. Prunty,* 187 F.3d 1104, 1105 (9th Cir.1999), and we reverse and remand.

Because the district court denied Hicks' prior 1996 habeas petition without affording him the option of returning to state court to exhaust his claims or amending his petition by abandoning any unexhausted claims as an alternative to dismissal, Hicks is entitled to equitable tolling. *See Tillema v. Long,* 253 F.3d 494, 503 (9th Cir.2001).[1] Accordingly, the present § 2254 petition is neither time-barred nor a successive petition. *See Slack v. McDaniel,* 529 U.S. 473, 485–86, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) ("A habeas petition filed in the district court after an initial habeas petition was unadjudicated on its merits and dismissed for failure to exhaust state remedies is not a second or successive petition."). We therefore reverse the district court's order dismissing Hicks' petition as untimely and remand this case for further proceedings.

**REVERSED and REMANDED.**

---

1. Contrary to the state's assertion on appeal, the district court did not dismiss the 1996 habeas petition as completely unexhausted, as evidenced by its citation to *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), in the order. Moreover, the state's own motion to dismiss the 1996 petition concedes that several of Hicks' claims were properly exhausted.