Charles Anthony **HARRIS**,
Petitioner–Appellant,

v.

Roseann **CAMPBELL**, Warden, et al., Respondents–Appellees.

No. 02–55413.
D.C. No. CV–01–03409–FMC.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 2, 2002.*

Decided Dec. 5, 2002.

Before GOODWIN, TROTT, and GRABER, Circuit Judges.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM \*\*

California state prisoner Charles Harris appeals pro se the dismissal of his 28 U.S.C. § 2254 petition as untimely, in which he challenged his conviction and 35–year to life sentence for first-degree residential burglary. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo, *see Miles v. Prunty*, 187 F.3d 1104, 1105 (9th Cir.1999), and we affirm.

Harris contends that the district court erred by finding that his petition was untimely. Specifically, he contends that he is entitled to statutory tolling, pursuant to 28 U.S.C. § 2244(d)(2), for the time during which his request to a California superior court records department for copies of items from his state court record was pending.

Tolling is permitted during the pendency of a state post-conviction or other collateral review which challenges the pertinent judgment or claim. *See Tillema v. Long*, 253 F.3d 494, 500 (9th Cir.2001). However, we reject the contention that Petitioner's correspondence with the records department can be considered a petition for collateral review. *See* 28 U.S.C. § 2244(d)(2).

Petitioner also contends that his filing of a motion to expunge the record of a prior conviction warrants statutory tolling. We reject this contention. As the California superior court instructed Petitioner in his first effort to expunge this conviction, the state courts are not precluded from counting the expunged prior conviction as a "strike" in determining a sentence. *See People v. Diaz*, 41 Cal.App.4th 1424, 1429–30, 49 Cal.Rptr.2d 252 (1996). Because

---

the sentencing court would have been permitted to count an expunged conviction, it cannot be said that his motion constituted a challenge to the underlying judgment of conviction or sentence. *See Tillema,* 253 F.3d at 500. Accordingly, tolling is not warranted.

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the