NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 4 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FAUSTO VELAZQUEZ, <br><br> Petitioner-Appellant, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Respondent-Appellee. | No. 23-15077 <br><br> D.C. Nos. 4:20-cv-00198-CKJ <br> 4:17-cr-00602-CKJ- <br> EJM-4 <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Arizona
Cindy K. Jorgenson, District Judge, Presiding

Argued and Submitted May 16, 2024
Phoenix, Arizona

Before: GRABER, DESAI, and DE ALBA, Circuit Judges.

Fausto Velazquez appeals the district court's denial of his motion to vacate,

set aside, or correct his sentence under 28 U.S.C. § 2255. We have jurisdiction under

28 U.S.C. § 2253. We review a district court's denial of a § 2255 motion de novo.

*United States v. Rodriguez*, 49 F.4th 1205, 1211 (9th Cir. 2022). We review the

denial of a § 2255 motion without an evidentiary hearing for abuse of discretion. *See*

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

*id.* We affirm in part, vacate in part, and remand.

A jury convicted Velazquez of kidnapping and conspiracy to kidnap. This court affirmed his conviction in 2019. *United States v. Carpenter*, 772 F. App'x 419, 423–24 (9th Cir. 2019). Velazquez filed a motion under 28 U.S.C. § 2255, raising six ineffective assistance of counsel ("IAC") claims. To obtain relief on an IAC claim, Velazquez must establish both (1) that his attorney's performance fell "below an objective standard of reasonableness"; and (2) that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *United States v. Quintero-Barraza*, 78 F.3d 1344, 1348 (9th Cir. 1995) (quoting *Strickland v. Washington*, 466 U.S. 668, 687–88, 694 (1984)). The district court denied all claims without holding an evidentiary hearing on either the performance prong or the prejudice prong of Velazquez's IAC claims.

On appeal, Velazquez maintains that defense counsel's performance was deficient and that it prejudiced him. He asks us to vacate the district court's order and grant the relief requested in his § 2255 motion or, in the alternative, remand for the district court to hold an evidentiary hearing to determine whether he is entitled to relief on his IAC claims.[1]

---

[1]    We interpret the district court's certificate of appealability ("COA") for Velazquez's IAC claim to include his claim for an evidentiary hearing to establish deficient performance and prejudice. "Because we must resolve [Velazquez's] contention that the district court erred in not granting an evidentiary hearing before

The district court "shall" grant an evidentiary hearing on a defendant's § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *Rodriguez*, 49 F.4th at 1213 (first quoting 28 U.S.C. § 2255 and then citing *United States v. Howard*, 381 F.3d 873, 877 (9th Cir. 2004)). In other words, "a hearing is mandatory whenever the record does not affirmatively manifest the factual or legal invalidity of the petitioner's claims." *Baumann v. United States*, 692 F.2d 565, 571 (9th Cir. 1982).

1. The district court abused its discretion by declining to hold an evidentiary hearing as to the trial-related IAC claims, which included assertions that defense counsel failed to adequately develop, investigate, and present his duress defense. The district court assumed, without deciding, that defense counsel's trial performance was deficient but denied all the trial-related IAC claims, finding that Velazquez failed to show a reasonable probability that he suffered prejudice.

Here, if we assume, as the district court did, that defense counsel performed

---

determining the merits, we assume that the COA encompasses his claim challenging the denial of the evidentiary hearing. *See Tillema v. Long*, 253 F.3d 494, 502 n.11 (9th Cir. 2001) (treating as certified a question regarding the meaning of language within 28 U.S.C. § 2244(d)(2) because the question 'clearly is comprehended' in the certified issue); *Jones v. Smith*, 231 F.3d 1227, 1231 (9th Cir.2000) ('[I]n cases where a district court grants a COA with respect to the merits of a constitutional claim but the COA is silent with respect to procedural claims that must be resolved if the panel is to reach the merits, we will assume that the COA also encompasses any procedural claims that must be addressed on appeal.')." *United States v. Howard*, 381 F.3d 873, 877 n.3 (9th Cir. 2004).

deficiently, the record does not conclusively disprove Velazquez's IAC claims. *See Rodriguez*, 49 F.4th at 1216 ("The district court should have held an evidentiary hearing unless the record 'conclusively' disproved Rodriguez's claim."). To the contrary, there is evidence in the record of duress, such as the cartel's holding a gun to Velazquez's head and shooting at his home leading up to the kidnapping. Because the record does not conclusively show that there is no reasonable probability that competent counsel could not have argued successfully that Velazquez acquiesced in the kidnapping under duress, the district court abused its discretion by denying the § 2255 motion without an evidentiary hearing. *Id.* (finding district court abused its discretion by denying claim without evidentiary hearing where record did not conclusively establish Rodriguez is not entitled to relief). We vacate the district court's order denying Velazquez's § 2255 motion and remand for an evidentiary hearing on his trial-related IAC claims. Because we remand for an evidentiary hearing on the merits of Velazquez's trial-related IAC claims, we do not reach the merits of his claims for relief.

2. The district court abused its discretion by declining to hold an evidentiary hearing as to Velazquez's IAC claim that his lawyer performed deficiently by declining to argue for an "imperfect duress" departure pursuant to U.S. Sentencing Guideline § 5K2.12. For many of the same reasons just discussed, an evidentiary hearing may reveal (a) that, had counsel properly investigated the defense of duress,

competent counsel would have advocated for an "imperfect duress" departure at sentencing and (b) that there was a reasonable probability that Velazquez would have received a different sentence. *See* U.S. Sent'g Guidelines Manual § 5K2.12 (allowing an open-ended departure and describing factors that affect "[t]he extent of the decrease"). The present record does not conclusively disprove this sentencing-related IAC claim, so an evidentiary hearing was required. *Rodriguez*, 49 F.4th at 1216. As with the trial-related claims, we do not reach the merits of this claim.

3. The district court did not err or abuse its discretion in denying Velazquez's other sentencing-related IAC claims. The court correctly held that no prejudice resulted from failing to object to an enhancement pursuant to U.S. Sentencing Guideline § 2A4.1, because the sentencing court declined to apply that enhancement. Similarly, there is no reasonable probability that additional evidence concerning text messages sent from Velazquez's phone would have affected the below-guidelines sentence. Nor did his lawyer perform incompetently in failing to present that minor evidence.

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**