**NOT RECOMMENDED FOR PUBLICATION**
File Name: 05a0339n.06
Filed: May 2, 2005

No. 04-5138

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff-Appellee,** | ) | **ON APPEAL** FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| **v.** | ) | WESTERN DISTRICT OF KENTUCKY |
| | ) | |
| DARRELL WEST, | ) | OPINION |
| | ) | |
| **Defendant-Appellant.** | ) | |
| | ) | |
| | ) | |

BEFORE:    COLE and GIBBONS, Circuit Judges, and SCHWARZER,[*] Senior District Judge

WILLIAM W SCHWARZER, Senior District Judge. Darrell West appeals his conviction

of possession of cocaine base with intent to distribute, conspiracy to possess with intent to distribute,

and possession of a firearm in furtherance of a drug crime, in violation of 21 U.S.C. §§ 841(a), 846

and 18 U.S.C. § 924(c). West also appeals his sentence. West contends that (1) the district court

abused its discretion in refusing to admit certain hearsay statements during his trial; (2) the court

also abused its discretion in removing a juror from the case during trial; (3) the government

presented insufficient evidence to support the jury's verdicts; (4) the district court failed to conduct

proper colloquies as to whether the government served West with notice of its intent to seek

---

[*]The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

enhancement of his sentence and as to whether West admitted the prior conviction supporting the enhancement; and (5) West's sentence violates his Sixth Amendment right to a jury trial and the standards expressed in *United States v. Booker*, 125 S. Ct. 738 (2005). For the reasons discussed below, we affirm West's conviction but remand for resentencing.

## BACKGROUND

On October 10, 2003, a jury found West guilty on three counts: possession of cocaine base with intent to distribute, conspiracy to possess cocaine base with intent to distribute, and possession of firearms in furtherance of drug crimes, in violation of 21 U.S.C. §§ 841(a), 846 and 18 U.S.C. § 924(c). At trial, the government presented evidence of the following events.

On January 22, 2002, a confidential informant for the McCracken County Sheriff's Department (MCSD) made a controlled purchase of crack cocaine at a residence at 1204 North 13th Street in Paducah, Kentucky. The informant, Charles Crockett, had previously performed similar duties for the MCSD and had also previously purchased crack at 1204 North 13th Street for his personal use. Crockett identified the usual residents of this location as West; West's girlfriend, Ellarwee Brown; Jimmie Scott; and Shenell Loving. When Crockett arrived at the residence on January 22 Scott answered the door, took the marked $50 Crockett had been provided by the MCSD, and went into a room Crockett knew to be West's. Crockett could hear Scott talking to West, but Crockett did not see West. Scott returned with crack cocaine, which Crockett took with him and turned over to the MCSD.

Later that evening, on the basis of this purchase, Captain Jon Hayden of the MCSD obtained a search warrant for the residence. Members of the MCSD and the Paducah Police Department

executed the warrant on the morning of January 23, 2002. West, Brown, Scott, and Loving were in the residence when the officers executed the warrant. From the residence police recovered three guns, including one Crockett and Scott identified as West's; a cell phone and notebook marked as belonging to "Twin";[1] drug packaging materials; and $2019 in cash, including the bills Crockett had used the previous evening, in the pockets of clothing belonging to West.

A federal grand jury subsequently charged West, Brown, and Scott in a six-count indictment. Brown fled before her arraignment. Before his trial, West moved to exclude statements she had made to police after her arrest, arguing they were inadmissible under Federal Rule of Evidence 801(d)(2)(E). The district court granted this motion. At trial, however, West attempted to have some of these statements admitted under Federal Rule of Evidence 804(b)(3), as statements exculpating him and made against penal interest by an unavailable witness. The court delayed ruling on this request until the close of the government's case. It finally admitted only a few of the statements, finding that most of them lacked the corroboration required for admissibility by the federal rule and by Sixth Circuit case law. The district court found that the reliability of the statements was suspect due to Brown's youth (she is eight years younger than West and was eighteen when she made the statements) and her relationship with West.

In an apparently unrelated incident during the trial, a juror reported being approached and questioned by a man who appeared "hysterical" outside the courthouse during a break. Although

---

[1]West has a twin brother, Luvell, who lives in Paducah at a different residence. Although they are identical twins, most of the evidence at trial indicated that they are easily distinguishable physically. Uncontroverted evidence also indicated that both are known as "Twin."

the juror maintained that she would not allow the incident to affect her impartiality, the court excused her from the jury, since she had been significantly shaken by the incident and reported that she at first suspected the incident had been an attempt to influence her vote on the jury. West objected to removal of the juror at the time and in a later motion for a new trial.

Following the jury's verdicts, on February 2, 2004, the court sentenced West to 140 months (eleven years and four months) on the drug trafficking and conspiracy counts and 60 consecutive months (five years) on the firearm count. It also imposed an eight-year term of supervised release. Under 21 U.S.C. § 851, the district court had enhanced West's sentences for the drug charges based on his prior conviction in October 1995 of a felony drug offense. The statute providing for such enhancements requires the government to serve notice of its intent to seek enhancements on the defendant prior to trial. The record indicates that the government filed the required notice and served it on West's trial counsel on October 1, 2003. (West's trial began October 8, 2003.) Although West's counsel stated during West's sentencing hearing that West maintained he had not known about the notice when it was filed, both the court and counsel seemed to acknowledge that the document had been properly and timely filed and served.

West timely appealed the district court's judgment and commitment order to this court.

## STANDARDS OF REVIEW

We review a district court's evidentiary rulings for abuse of discretion. *United States v. Wright*, 343 F.3d 849, 865 (6th Cir. 2003). We also review for abuse of discretion a trial court's decision to remove a juror. *United States v. Ramos*, 861 F.2d 461, 465-66 (6th Cir. 1988).

On review of "the sufficiency of the evidence to support a criminal conviction, the 'relevant

4

question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Wood*, 364 F.3d 704, 716 (6th Cir. 2004) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

We review de novo the sufficiency of a government filing under 21 U.S.C. § 851(a). *United States v. King*, 127 F.3d 483, 488 (6th Cir. 1997). Harmless error review normally applies to a challenge to the district court's conduct of a § 851(b) colloquy, *United States v. Hill*, 142 F.3d 305, 312-13 (6th Cir. 1998), but where a defendant fails to object to a § 851 information or colloquy in the district court, we review the issue for plain error. *United States v. Clay*, 346 F.3d 173, 178-79 (6th Cir. 2003).

## DISCUSSION

West raises five arguments on appeal: (1) that the district court improperly excluded certain out-of-court statements by Brown; (2) that the district court improperly removed a juror; (3) that the government's evidence was not sufficient to support the jury's verdicts; (4) that the government and court did not follow the procedures prescribed in 21 U.S.C. § 851 in connection with sentence enhancement based on a prior conviction; and (5) that the imposition of West's sentence violated the federal Constitution and Supreme Court precedent. The following discussion addresses each argument in turn.

## I.      EXCLUSION OF BROWN'S STATEMENTS

As noted, the district court initially ruled favorably on West's motion that all of Brown's statements were inadmissible hearsay. It reconsidered this ruling when West argued that some of

the statements were statements exculpating him and made against penal interest by an unavailable witness and, therefore, were admissible under Federal Rule of Evidence 804(b)(3). This rule permits admission of a statement "tending to expose the [unavailable] declarant to criminal liability and offered to exculpate the accused" so long as "corroborating circumstances clearly indicate the trustworthiness of the statement." FED. R. EVID. 804(b)(3). The district court apparently interpreted this language as requiring corroborating evidence; it found admissible only those statements of Brown's that were corroborated by other evidence. However, the district court also found that the circumstances surrounding Brown's statements—namely, Brown's youth relative to West and her relationship with West—made her statements unreliable on their own, even though they were against her penal interest. West contends that the court erred in requiring that Brown's statements be corroborated by other evidence to be admissible. He maintains that the fact that a statement is made against penal interest should itself be considered a "corroborating circumstance[]" sufficient to indicate its reliability and its admissibility.

This argument is contrary both to the text of Rule 804(b)(3) and to our precedents. The Rule provides that a statement against interest is not admissible "unless corroborating circumstances clearly indicate" its reliability. Thus, not all statements against interest are admissible. If their status as statements against interest were sufficient to indicate their reliability, there would be no reason for the Rule to contain a further condition of admissibility. *See Cowherd v. Million*, 380 F.3d 909, 913 (6th Cir. 2004) (rejecting statutory interpretation that would render term "surplusage"). We have consistently applied Rule 804(b)(3) to require that the circumstances of the making of the statements at issue indicate their reliability. *See, e.g.*, *United States v. McCleskey*, 228 F.3d 640, 644

(6th Cir. 2000). In the present case, the district court determined that the circumstances of the making of the statements—that is, Brown's age and her relationship with West—weighed decisively against their reliability.[2] West's contention that the court abused its discretion by declining to admit all of Brown's statements is without support in the Rule or our precedent. We therefore affirm the district court's evidentiary ruling.

## II. REMOVAL OF JUROR

During trial the district court removed a juror who had an unsettling encounter with a stranger near the courthouse and expressed an initial suspicion that the incident was an attempt to influence her as a juror. West objected to removal of the juror at the time and filed a motion for a new trial based in part on the juror's removal. The record does not reflect the specific grounds for these objections. On appeal, West argues that the court's removal of the juror was an abuse of discretion because the juror "could have been an integral part of the case." West seems to base this contention on the fact that the juror stated, when the court told her it had decided to remove her, "This is throwing me off, because I really think my two cents is going to count."

West cites no authority supporting his position that the court's removal of this juror should be viewed as an abuse of the district court's discretion. He cites only a case in which we held that a district court did not abuse its discretion in refusing to remove a juror who had a potentially prejudicial encounter during trial but assured the court that he could remain impartial. *United States*

---

[2]The district court went on to determine that some of Brown's statements were nevertheless admissible because they were corroborated by other evidence. Although technically erroneous, the ruling did not prejudice West, who sought the admission of these statements.

*v. Gaitan-Acevedo*, 148 F.3d 577, 590-91 (6th Cir. 1998). West wishes us to draw from this holding the conclusion that when a juror assures the court of his ability to remain impartial—as did the juror removed from West's case—the court must retain the juror. *Gaitan-Acevedo* does not support this conclusion, however. In that case we approved the court's retention of the juror "based on [the court's] determination that the juror could render [an impartial] verdict," not based on the juror's statements. *Id.* at 590. Moreover, we also approved as within the court's discretion the same court's removal of another juror. *Id.* at 591.

The district court in West's case based its decision to remove the juror on her emotional distress and the indication from her statements that she might be prone to jump to conclusions regarding others' attempts to influence her as a juror. Contrary to West's contention that "there was absolutely no competent evidence to support a finding that the juror in question could not be fair or impartial as to these matters," the findings of the district court and its conclusion that the juror might not be able to be impartial despite her assurances to the contrary are fully supported by the record. *See id.* at 590-91 (refusing to accept defendants' argument regarding "juror impartiality" and concluding that "the district court's rulings were appropriate based on its findings"). The court did not abuse its discretion in removing this juror.

## III.    SUFFICIENCY OF EVIDENCE

West argues that the government presented insufficient evidence to support his convictions on both the possession with intent count under 21 U.S.C. § 841(a) and the firearm possession count under 18 U.S.C. § 924(c). Given the deferential standard we apply to review of the sufficiency of evidence to support a jury's verdict, both of West's claims must fail.

8

The government presented live testimony from two witnesses, Crockett and Scott, identifying West as the ringleader of the drug sale activity at 1204 North 13th Street on the basis of their personal knowledge. A "rational trier of fact" could have found that this evidence established West's possession with intent to distribute beyond a reasonable doubt. *Wood*, 364 F.3d at 716. Crockett and Scott also testified that they had often seen West in possession of one of the firearms recovered during execution of the warrant at 1204 North 13th Street. The evidence further showed that this gun was loaded when police recovered it from under the mattress on which West habitually slept; the mattress was located in the room that both Crockett and Scott identified as West's and from which Crockett observed Scott obtain a package of crack cocaine on the evening of January 22, 2002. This evidence was sufficient to permit a rational trier of fact to conclude that West had possessed the gun "in furtherance of" his drug crimes. 18 U.S.C. § 924(c); *see also United States v. Swafford*, 385 F.3d 1026, 1028-29 (6th Cir. 2004) (holding sufficient to support conviction under § 924(c) evidence of loaded firearm recovered from defendant's room during execution of search warrant for drugs); *United States v. Couch*, 367 F.3d 557, 561 (6th Cir. 2004) (holding sufficient to support conviction under § 924(c) evidence of loaded assault rifle recovered from location near "where [defendant's] drug transactions were known to occur"). We cannot agree that this evidence was insufficient to support West's convictions, and West points to no evidence compelling a contrary result. Accordingly, we affirm the convictions.

## IV.    SUFFICIENCY OF NOTICE OF INTENT TO SEEK ENHANCEMENTS AND SUFFICIENCY OF COLLOQUY

West argues that since he raised before the trial court the issue of the sufficiency of the notice

9

he received under 21 U.S.C. § 851(a), that court was required to inquire "as to whether or not such proper notice was given" and failed to do so. West notes that prior to his sentencing hearing, his counsel filed objections to the Presentence Report in West's case, contending that West had not received timely § 851(a) notice of the government's intention to seek penalty enhancements. West also notes that his counsel raised this issue at the sentencing hearing; in response, the court remarked that the notice had been properly filed and concluded, "I think he [West, through his counsel] knew about it." This, West maintains, was an insufficient response to his objections. West also notes that he received no colloquy under 21 U.S.C. § 851(b), which requires a district court to give a defendant an opportunity to affirm or deny the previous conviction. West insists that these were prejudicial errors.

As West notes in his brief, we have held that in examining sufficiency of notice under § 851(a), "the proper inquiry is whether the government's information provided the defendant reasonable notice of [the government's] intent to rely on a particular conviction and a meaningful opportunity to be heard." *King*, 127 F.3d at 488-89. The record does not indicate that the district court's inquiry fell short of this standard. The § 851(a) information that the government filed on October 1, 2003, included a certificate of service on West's trial counsel dated the same day. Notice to a party's counsel is constructive notice to the party. *See Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991). We assume that the district court was inferring West's constructive notice from the certificate of service in making the finding that West "knew about" the information. To the extent that this is unclear from the record, any error was harmless. West has never contended that the certificate of service in the record does not reflect actual service on his attorney of record a week

10

before trial. According to a record uncontroverted by West, then, he received timely constructive notice of the government's intent to seek penalty enhancements. Any formal deficiency in the court's inquiry into this issue was harmless.

The trial court's failure to conduct a § 851(b) colloquy permitting West to challenge the validity of this prior conviction was not error under any standard. Subsection 851(e) precludes a defendant from challenging the validity of any conviction that is more than five years old at the time of notice issued pursuant to § 851(a). The prior conviction at issue was entered on October 4, 1995, and the government filed and served its § 851 notice on October 1, 2003, more than five years later. Requiring the trial court to conduct a colloquy under these circumstances would be "elevating form over substance," contrary to the purposes of § 851. *King*, 127 F.3d at 489. We accordingly affirm the court's use of West's prior conviction as provided for in 21 U.S.C. § 851.

## V. VALIDITY OF WEST'S SENTENCE

West argues that the district court's sentence violated his Sixth Amendment right to a jury trial, as described by the Supreme Court in *Blakely v. Washington*, 124 S. Ct. 2531 (2004), in that the sentence was based in part on judicial finding of a fact that increased West's sentence. West also argues in a letter brief that the court's sentence violated the principles articulated in *Booker*, 125 S. Ct. 738. West's Sixth Amendment argument fails, but current Sixth Circuit law requires us to remand his case for resentencing under an advisory Guidelines regime.

West contends that the district court "enhanc[ed his sentence] based upon the amount of drugs involved in the offense," that "[w]ithout this enhancement, [West] would face a lesser sentence of incarceration," and that this violated his Sixth Amendment rights under *Blakely*. 124 S.

11

Ct. 2531. In *Blakely*, the Supreme Court reaffirmed the rule it expressed in *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000): "Other than the fact of a prior conviction, any fact that increases the penalty for a crime *beyond the prescribed statutory maximum* must be submitted to a jury, and proved beyond a reasonable doubt." *Blakely*, 124 S. Ct. at 2536 (emphasis added). West states in supplemental briefing that his base "offense level was raised from 26 to 32 based upon a finding, made at sentencing, that the offense involved 72.9 grams of cocaine base." However, as the government notes, this is incorrect. West's objection to the amount of cocaine was *upheld* at sentencing, and the judge found only 33.52 grams were possessed, rather than the 72.9 grams recommended by the Presentence Report. Accordingly, the district court only raised West's base offense level from 26 (the base level proven to the jury based on a finding of possession of at least five grams of cocaine, resulting in an applicable range of 120-150 months) to 28 (140-175 months). *See* U.S. SENTENCING GUIDELINES MANUAL § 5A (table). The judge then imposed a sentence of 140 months, which is near the upper end of (but still within) the 120-150 month range supported by the facts proven to the jury. Accordingly, there was no Sixth Amendment violation in this case, despite the fact that the judge sentenced West at the absolute lowest value of the Guidelines range calculated by the court.

However, under current Sixth Circuit law West is entitled to have his case remanded for resentencing under the advisory Guidelines regime announced in *Booker*. *See* 125 S.Ct. at 769. West first raised the applicability of *Booker* to his case in a supplemental letter brief. This sufficed to allow us to review the issue. *United States v. Oliver*, 397 F.3d 369, 377 n.1 (6th Cir. 2005). Because West did not raise the issue below, our review is for plain error, but we have held that under

12

*Booker* a district court's treatment of the Guidelines as mandatory is plain error because *Booker*

effected a clear change in the law. *United States v. Barnett*, 398 F.3d 516, 525-26 (6th Cir. 2005).

Moreover, we may assume prejudice in a situation like that in the present case, where a court does

not sentence at the top of the applicable Guidelines range, since the court would have been free to

impose a lower sentence had it viewed the Guidelines as advisory.[3]  *Id.* at 527-28.  We must

therefore remand this case for resentencing under an advisory Guidelines regime.  *Id.* at 531.

## CONCLUSION

For the foregoing reasons, West's convictions are **AFFIRMED**.  However, we **VACATE**

his sentence and **REMAND** his case for resentencing under *Booker*, 125 S. Ct. 738.

---

[3]The Presentence Report in this case calculated West's offense level as 32, based on the Probation Office's assumption that his offense involved almost 73 grams of cocaine base.  The district court in this case found instead that 33.52 grams had been involved.  This would place West's offense level at 28.  The Presentence Report identified no relevant reductions or enhancements to this offense level.  The district court adopted the Presentence Report's placement of West in criminal history category VI.  The Guidelines range for an offense level of 28 with criminal history category VI is 140 to 175 months.  Since the court sentenced West at the very bottom of this range, we do not know what sentence it might have imposed had it not considered the Guidelines mandatory.

13