*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2004 FED App. 0271P (6th Cir.)
File Name: 04a0271p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

JOHNNY COWHERD,
*Petitioner-Appellant,*

*v.*

No. 02-5499

GEORGE MILLION, Warden,
*Respondent-Appellee.*

---

Appeal from the United States District Court
for the Eastern District of Kentucky at Lexington.
No. 01-00250—Henry R. Wilhoit, Jr., District Judge.

Argued: March 10, 2004

Decided and Filed: August 19, 2004

Before: BOGGS, Chief Judge; and MARTIN, SILER, BATCHELDER, DAUGHTREY, MOORE, COLE, CLAY, GILMAN, GIBBONS, ROGERS, SUTTON, and COOK, Circuit Judges.

---

## COUNSEL

**ARGUED:** Christopher J. Pagan, REPPER, POWERS & PAGAN, Middletown, Ohio, for Appellant. David A. Smith, OFFICE OF THE ATTORNEY GENERAL, Frankfort, Kentucky, for Appellee. **ON BRIEF:** Christopher J. Pagan,

---

REPPER, POWERS & PAGAN, Middletown, Ohio, for Appellant. David A. Smith, OFFICE OF THE ATTORNEY GENERAL, Frankfort, Kentucky, for Appellee.

---

## OPINION

---

BOGGS, Chief Judge. Petitioner Johnny Cowherd, a state prisoner in Kentucky, appeals from the denial of his petition for a writ of habeas corpus. The district court, relying on *Austin v. Mitchell*, 200 F.3d 391 (6th Cir. 1999), found that Cowherd's claim had been time-barred under 28 U.S.C. § 2244(d)(1), which establishes a one-year statute of limitations for filing habeas petitions. The question before this court is whether one of Cowherd's state post-conviction proceedings tolled that statute of limitations pursuant to 28 U.S.C. § 2244(d)(2). This question depends entirely on whether this court chooses to adhere to *Austin*, which held that post-conviction proceedings toll the statute of limitations only if they include a federal claim. Because we now find that *Austin* was wrongly decided, we reverse the district court.

I

The relevant facts are straightforward. Cowherd was convicted in 1993 on two counts of first-degree rape, four counts of first-degree sodomy, and first-degree criminal trespass. The trial court judge sentenced Cowherd to 104 years of imprisonment, and the conviction was affirmed on direct appeal. Cowherd proceeded to file four state post-conviction motions over the next seven years. The first of these proceedings became final prior to the effective date of the Antiterrorism and Effective Death Penalty Act (AEDPA), April 24, 1996. Thus, the one-year statute of limitations under § 2244(d)(1) for filing a habeas petition began running on that date. *Searcy v. Carter*, 246 F.3d 515, 517 (6th Cir. 2001). Cowherd filed his second post-conviction motion on

January 10, 1997, and this motion was ultimately dismissed on December 9, 1998. He also filed post-conviction motions on March 10, 1999, and September 12, 2000. Although there is some question about when these actions were ultimately dismissed, both sides concede that the second post-conviction proceeding is dispositive.

Cowherd filed a petition for a writ of habeas corpus on June 11, 2001. He raised four claims for relief: ineffective assistance of trial counsel, an Eighth Amendment claim, a Double Jeopardy Clause claim, and ineffective assistance of appellate counsel. After the habeas petition was filed, the respondent ("Warden") moved to dismiss the petition as time-barred. Specifically, the Warden argued that Cowherd had not filed his petition within the one-year period, and that because the second post-conviction motion did not raise any federal claim, the second post-conviction proceeding did not toll the statute of limitations. In support of this argument, the Warden correctly cited *Austin*, which stated that post-conviction motions toll the statute of limitations only if they include a federal claim. *Austin*, 200 F.3d at 394. Cowherd responded that *Austin* was wrongly decided and pointed out that the Ninth Circuit had rejected *Austin* in *Tillema v. Long*, 253 F.3d 494 (9th Cir. 2001). Alternatively, Cowherd argued that, even if *Austin* controlled, Cowherd presented a claim in his second post-conviction motion that could be construed as a federal claim.

This question was initially referred to a magistrate judge, who rejected Cowherd's arguments and concluded, in a report and recommendation, that the petition was time-barred. In subsequent objections to this report, Cowherd did not specifically raise the claim that *Austin* had been wrongly decided, but he did attempt to incorporate his prior arguments into his objections. He wrote, "[p]etitioner reasserts the arguments presented in his *Memorandum in Opposition to Respondent's Motion to Dismiss Petition as Time-Barred*, and incorporates that document in reference in its entirety."

The district court accepted the magistrate judge's report and dismissed the petition on March 22, 2002. On May 14, 2002, however, the district court issued a certificate of appealability ("COA"). The court explained that Cowherd had met the requirements of *Slack v. McDaniel*, 529 U.S. 473 (2000), because reasonable jurists could find it debatable whether his petition was time-barred (in light of the other circuits' rejection of *Austin*).[1] The COA order also noted that, although the court had not considered the constitutional claims in the habeas petition, "jurists of reason may find it debatable as to whether the Petitioner has set forth a valid constitutional claim."

Cowherd's subsequent appeal was dismissed without argument by this court pursuant to Fed. R. App. P. 34(a) on September 10, 2003. In that order, the panel upheld the district court's finding and dismissed Cowherd's arguments that *Austin* was wrongly decided, adding that it had no power to overturn a published opinion of a previous panel. It also dismissed Cowherd's claims that the second post-conviction motion presented a federal claim. The panel's decision was subsequently vacated when this court granted the motion for rehearing en banc.

II

Before reaching the question of *Austin's* continued viability, we should briefly address threshold arguments raised by the Warden that, if correct, would prevent us from reaching the question regarding *Austin*. First, the Warden claims that if this court upholds *Austin*, it cannot consider whether Cowherd's second post-conviction motion included a federal claim because this issue was not included in the COA. The Warden, however, reads the COA too narrowly.

---

[1] At the time the district court issued the COA, the Seventh Circuit had joined the Ninth Circuit in rejecting *Austin*. *Carter v. Litscher*, 275 F.3d 663 (7th Cir. 2001).

The COA certified the issue of whether Cowherd's claims were properly dismissed because they had been time-barred. Therefore, all arguments relevant to this question, including whether the post-conviction motion raised a federal claim, are properly before this court.

Second, the Warden argues that Cowherd waived the argument that *Austin* was decided incorrectly because he failed to raise the argument in his objections to the magistrate judge's report. Generally, the failure to file specific objections to a magistrate's report constitutes a waiver of those objections. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). We note that the district court did state, in its order granting the COA, that "[w]hile the Petitioner did not raise this argument before the Court in its objections to the Report and Recommendation, the Petitioner is nonetheless correct in his statement that *Tillema* reached a conclusion contrary to the holding in *Austin*." This statement is not entirely accurate. As explained above, Cowherd noted explicitly in his objections that he was incorporating arguments raised in his prior motion in opposition to the motion to dismiss. And there is no dispute that he did in fact raise this argument in his earlier motion. Thus, the question is whether Cowherd should have been allowed to incorporate older arguments into his objections to the magistrate judge's report.

This court has allowed parties to incorporate prior arguments into their objections to a magistrate judge's report, but we disfavor such practices. In this particular case, because Cowherd's arguments before both the district court and this court are clear, we will allow Cowherd to rely on earlier arguments that he incorporated into his objections.

The requirement for specific objections to a magistrate judge's report is not jurisdictional and a failure to comply may be excused in the interest of justice. In the present case, unlike in [a prior case], the objections directed the district judge's attention to specific issues decided by the magistrate contrary to Kelly's position. The district judge

apparently had no problem in focusing on the specific areas of disagreement between the parties. Thus, the objections served the purposes of the requirement that objections be specific.

*Kelly v. Withrow*, 25 F.3d 363, 366 (6th Cir. 1994). *But see Neuman v. Rivers*, 125 F.3d 315, 323 (6th Cir. 1997) (rejecting reference to prior arguments because "reference was not sufficiently specific to satisfy the standards announced by this court in . . . *Kelly*"). We warn, however, that parties who fail to make specific objections do so at their own peril. Having disposed of the preliminary issues, we now turn to *Austin* and its interpretation of 28 U.S.C. § 2244(d)(2).

### III

The text of § 2244(d)(2) reads:

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent **judgment or claim** is pending shall not be counted toward any period of limitation under this subsection (emphasis added).

In *Austin*, this court interpreted § 2244(d)(2) to mean that, in order to toll the statute of limitations, the state post-conviction petition "must raise a federal constitutional issue." *Austin*, 200 F.3d at 394. The court's interpretation relied heavily on policy and its reading of the Supreme Court's discussion of the exhaustion requirement in 28 U.S.C. § 2254(c) in *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999).

[T]he federal habeas exhaustion doctrine is not meant to apply to purely state law or state constitutional claims, such as technical defects in indictments. This rule is sound for another reason, as well. Federal courts do not necessarily know the intricacies of state law and the

possible claims the latter may make available to a petitioner; it would, therefore, be inappropriate for a federal court to determine whether a petitioner's non-federal remedies have been exhausted. By the same token, the federal habeas tolling provision should not be invoked except when a federal claim remains unexhausted in state court. Tolling is the complement of the exhaustion requirement. We hold, therefore, that a state petition for post-conviction or other collateral review must present a federally cognizable claim for it to toll the statute of limitations pursuant to [§ 2244(d)(2)].

*Austin*, 200 F.3d at 394.

Since our decision in *Austin*, at least four other circuits have wrestled with this particular issue, and all have rejected *Austin's* interpretation. *See Ford v. Moore,* 296 F.3d 1035, 1038-40 (11th Cir. 2002); *Sweger v. Chesney,* 294 F.3d 506, 516-20 (3d Cir. 2002); *Carter v. Litscher,* 275 F.3d 663, 665-66 (7th Cir. 2001); *Tillema v. Long,* 253 F.3d 494, 498-502 & n.10 (9th Cir. 2001). In doing so, our sister circuits presented both textual and policy arguments to support their interpretation of § 2244(d)(2). We consider each rationale in turn.

A

In determining statutory meaning, this court looks "first to the plain language of the statute." *The Ltd., Inc. v. Comm'r,* 286 F.3d 324, 332 (6th Cir. 2002). "When a statute is unambiguous, resort to legislative history and policy considerations is improper." *Koenig Sporting Goods, Inc. v. Morse Road Co.*, 203 F.3d 986, 988 (6th Cir. 2000). "Under accepted canons of statutory interpretation, we must interpret statutes as a whole, giving effect to each word and making every effort not to interpret a provision in a manner that renders other provisions of the same statute inconsistent, meaningless or superfluous." *Mitchell v. Chapman*, 343 F.3d

811, 825 (6th Cir. 2003) (quoting *Lake Cumberland Trust, Inc. v. EPA*, 954 F.2d 1218, 1222 (6th Cir. 1992)).

The thrust of the textual argument against *Austin* is that it reads the word "judgment" out of the statute. Under *Austin*'s interpretation, the post-conviction motion must, in order to toll the statute of limitations, include a federal *claim*, even though the statute says *judgment* or *claim*. As this court has explained, "[i]t is a basic principle of statutory construction that terms joined by the disjunctive 'or' must have different meanings because otherwise the statute or provision would be redundant." *United States v. Hill*, 79 F.3d 1477, 1482-83 (6th Cir. 1996).

The Ninth Circuit, in *Tillema*, offers persuasive textual analysis on this point.

The state's argument is plainly wrong. To begin with, the state's reading of section 2244(d)(2) fails on its own terms. The words "judgment" and "claim" are used in the disjunctive. Thus, to accept the state's argument would be to render the word judgment "surplusage." . . . The text of section 2244(d) makes clear that, in drafting the provision in question, Congress was aware of the distinction between the word "judgment" and the word "claim," and did not intend that the first word employed in the provision be ignored.

253 F.3d at 499-500. *See also Sweger*, 294 F.3d at 517 ("[*Austin*] fail[ed] to give the words 'judgment' and 'claim' separate meanings despite the fact that the words are separated in the statute by the disjunctive term 'or.'"); *Carter*, 275 F.3d at 665 ("*Austin* reads the word 'judgment' out of § 2244(d)(2) and tolls the time only while a particular 'claim' (which *Austin* took to mean 'theory of relief') is before the state court.").

The Warden responds that the opposite approach reads the word "claim" out of the statute, but *Tillema* persuasively shows why that argument fails:

> This construction of section 2244(d)(2) does not, as the state contends, read the word "claim" out of the statute. Although it is true that in most cases a state application that includes a pertinent claim will also, as a matter of course, relate to the pertinent judgment, such will not always be the case. For example, a claim that a death-row inmate is incompetent to be executed does not challenge the validity of the judgment, but only its execution. Similarly, a claim challenging the unconstitutional revocation of "good-time credits," though cognizable only in habeas corpus proceedings, has no bearing on the underlying judgment of conviction and sentence.

253 F.3d at 500 n.7 (internal citation omitted).

We find these textual arguments persuasive. *Austin* does not adequately consider the difference between "judgment" and "claim" in § 2244(d)(2). Thus, the plain meaning of the statutory text requires us to reject *Austin's* interpretation. In light of this decision, it is unnecessary to reach the question of whether Cowherd's second post-conviction motion should be construed as including a federal claim.

B

Although we need not consider policy arguments because the statute is unambiguous, we note that there are also sound policy reasons for abandoning *Austin*. As explained above, *Austin's* interpretation relied heavily on comity and the exhaustion requirement in 28 U.S.C. § 2254(c). The Seventh Circuit illustrated the shortcomings of these particular policy arguments:

> [*Austin*] is not correct; it confuses tolling with exhaustion. A state court must be given the first

> opportunity to address the federal issue, but this exhaustion requirement can be satisfied on direct appeal as well as on collateral attack. Usually it is preferable to raise the federal question as soon as possible, which means at trial and on direct appeal. This does not imply, however, that state prisoners must proceed immediately from their direct appeals to federal collateral attacks. A state collateral proceeding based solely on state-law issues may avoid the need for federal relief, and a tolling rule permits prisoners to pursue such theories in state court without jeopardizing their ability to raise the federal constitutional issues later in federal court, if that proves to be necessary.

*Carter v. Litscher*, 275 F.3d 663, 665 (7th Cir. 2001) (internal citations omitted). *See also Tillema*, 253 F.3d at 501 ("[I]t is clear that our holding will advance, rather than undermine, the policies of comity and federalism upon which AEDPA was enacted."). Thus, *Austin* would encourage prisoners to file federal collateral attacks even though the state post-conviction proceedings could potentially make those federal claims unnecessary. We find this policy argument to be persuasive. Of course, prisoners are still required to comply with all the exhaustion requirements under AEDPA. *Tillema*, 253 F.3d at 502 ("Our holding does not, of course, in any way alter or excuse the fundamental requirement that habeas petitioners must exhaust in state court any claims that they wish to present in federal court.").

IV

For the reasons stated above, we now overrule *Austin v Mitchell*, 200 F.3d 391 (6th Cir. 1999). Accordingly, we REVERSE the district court's holding that Cowherd's claim was time-barred under the rule of *Austin*, and REMAND for further proceedings in conformity with this opinion.