*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 06a0027p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

In re: EDWARD O'NEAL BOWEN,

          *Movant-Petitioner.*

No. 04-1286

Appeal from the United States District Court
for the Western District of Michigan at Grand Rapids.
No. 04-00107—David W. McKeague, District Judge.

Argued and Submitted: November 2, 2005

Decided and Filed: January 20, 2006

Before: DAUGHTREY and COLE, Circuit Judges; HEYBURN, Chief District Judge.[*]

_____

## COUNSEL

**ARGUED:** Andrew N. Wise, FEDERAL PUBLIC DEFENDERS OFFICE, Detroit, Michigan, for Petitioner. **ON BRIEF:** Andrew N. Wise, FEDERAL PUBLIC DEFENDERS OFFICE, Detroit, Michigan, for Petitioner. Laura Graves Moody, OFFICE OF THE ATTORNEY GENERAL, Lansing, Michigan, for Respondent.

_____

## OPINION

_____

     R. GUY COLE, JR., Circuit Judge. Petitioner Edward O'Neal Bowen timely filed a petition for the issuance of a writ of habeas corpus in 1999 after exhausting his state remedies on the majority of his claims. Following consideration on the merits, his petition was denied first by the district court, and then by this court. Bowen then returned to state court to pursue post-conviction relief based on, *inter alia*, ineffective assistance of trial and appellate counsel, which were not exhausted at the time of his original habeas petition. He subsequently filed another petition for habeas relief on those two issues in federal district court in 2004, after our decision in *Austin v. Mitchell*, 200 F.3d 391 (6th Cir. 2000), but before our decision in *Cowherd v. Million*, 380 F.3d 909 (6thCir. 2004) (en banc). Finding that Bowen's petition was either second or successive, the district court transferred the petition to this court pursuant to 28 U.S.C. § 1631. For the reasons that follow, we deny Bowen's motion to file a petition for writ of habeas corpus in the district court as

_____

[*]The Honorable John G. Heyburn II, Chief United States District Judge for the Western District of Kentucky, sitting by designation.

1

unnecessary, because his petition is not "second or successive," and transfer his petition to the district court.

**I.**

On June 28, 1989, Bowen allegedly committed armed robbery and assault with intent to murder, for which he was arrested in 1991. His trial resulted in a hung jury. After entering a plea of no contest to the assault charge on September 6, 1994, Bowen was sentenced to one year in the Genessee County Jail, to be followed by four years probation.

In February 1996, two bench warrants were issued alleging that Bowen had violated his probation. At a hearing held on October 30, 1996, it was determined that Bowen violated the terms of his probation. As a result, his probation was revoked, and he was sentenced to 22-35 years in prison. The length of the sentence imposed for the violation of probation appears to take into account Bowen's previous conviction of assault with intent to kill.

Bowen appealed to the Michigan Court of Appeals, which affirmed the revocation of his probation and his sentence. The Michigan Supreme Court denied Bowen's direct appeal, and his conviction became final on March 30, 1998. Bowen filed a petition for the issuance of a writ of habeas corpus in the Eastern District of Michigan on March 10, 1999, alleging deprivation of due process based on: (1) insufficient opportunity to cross examine witnesses regarding the validity of the urine samples admitted into evidence at the hearing on revocation of probation, (2) the lack of reasonably diligent notice of the elements alleged to violate his probation, and (3) the lack of evidence in the revocation hearing supporting an inference that a violation had occurred and the lack of support for the court's factual determinations. The district court denied Bowen's application, and this court thereafter denied Bowen's application for a certificate of appealability.

Unsuccessful in federal district court, Bowen filed a motion for relief from judgment in the state trial court, alleging that: (1) counsel at the revocation hearing was ineffective, (2) the trial judge used Bowen's right not to testify against him, (3) the revocation hearing was fundamentally unfair, and 4) appellate counsel was ineffective. The trial court denied relief, and both the Michigan Court of Appeals and Supreme Court denied leave to appeal.

Bowen then filed another petition for writ of habeas corpus, this time with the Western District of Michigan, alleging, *inter alia*, ineffective assistance of counsel. Finding Bowen's petition to be either second or successive, the district court filed an Order of Transfer to the Sixth Circuit, pursuant to 28 U.S.C. § 1631.[1]

**II.**

In order to determine whether Bowen's petition is second or successive, we must determine whether Bowen's application is controlled by our decision in *Austin v. Mitchell*, 200 F.3d 391 (6th Cir. 2000), *overruled by Cowherd v. Million*, 380 F.3d 909 (6th Cir. 2004) (en banc).

---

[1]We issued an order appointing counsel and directing briefing on the following question: [I]n light of *Stewart v. Martinez-Villareal*, 523 U.S. 637 (1998) . . . is petitioner's ineffective assistance of counsel claim (which could not have been heard as part of petitioner's original federal habeas petition because it had not been exhausted at the time) subject to the restrictions on successive petitions? . . . Bowen brought his original petition in federal court while *Austin v. Mitchell*, 200 F.3d 391 (6th Cir. 1991), overruled by *Cowherd v. Million*, 380 F.3d 909 (6th Cir. 2004), was the law of the circuit.

A.  *Austin* and *Cowherd*

The Anti-Terrorism and Effective Death Penalty Act (AEDPA) of 1996, 28 U.S.C. § 2244, dramatically altered the power of the federal courts to issue writs of habeas corpus.  Specifically relevant here, AEDPA imposes two distinct requirements on petitioners seeking writs of habeas corpus before federal courts: (1) a petition must be filed within one year of the finality of the underlying conviction; and (2) petitioners may not bring claims in a numerically second petition that could have been brought in an earlier petition.  28  U.S.C. § 2244.  Furthermore, petitioners must fully exhaust all of their claims in the state courts before seeking federal review.  *Rose v. Lundy*, 455 U.S. 509, 510 (1982).

In order for petitioners to file petitions that are both timely and have been fully exhausted, the period during which a petitioner's claims are before the state courts is tolled:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2).  As long as petitioners are seeking review in a state court, the one-year statute of limitations does not run.  Thus, § 2244(d)(2) allows petitioners to both completely exhaust all habeas claims before the state courts, and file habeas claims within one year of the date upon which a conviction becomes final.

In *Austin v. Mitchell*, 200 F.3d 391 (6th Cir. 2000), we held that AEDPA's statute of limitation is not tolled by state post-conviction proceedings that do not involve the federally cognizable claims later made in a habeas petition.  In that case, we considered a petitioner's federal habeas petition.  *Id.* at 392.   The petitioner's conviction became final in 1992.  Before filing his federal habeas claim in 1998, the petitioner pursued state post-conviction relief on state procedural grounds and on the basis that his counsel was constitutionally ineffective.  *Id.* at 392-93.  The state court dismissed his ineffective assistance of counsel claim, finding that it did not have jurisdiction to consider the claim because it was filed in the wrong state court.  *Id.* at 393.  Thus, his state procedural claim was the only claim pending in state post-conviction proceedings.  Upon federal review, we held that the petitioner's state procedural claim could not toll the statute of limitation under 28 U.S.C. § 2244(d)(2), because it was not a federally cognizable claim.  *Id.* at 394.

We further held that the petitioner's application for state post-conviction relief on his claim of ineffective assistance of counsel did not toll the AEDPA statute of limitation.  Although there was some question as to whether that claim was "properly filed" before the state court, *id.* at 395, we did not reach that question.  Instead, we relied on the fact that the petitioner did not bring his ineffective assistance of counsel claim before the federal habeas court.  *Id.*  Answering whether the state post-conviction proceeding must concern at least one of the claims being made in the federal habeas petition in order to toll the statute of limitation, we held:

> Just as such state review must concern a federally cognizable claim to toll the AEDPA period of limitation, so also the rule should be that such review must concern a federally cognizable claim that is being made in the instant habeas petition.

*Id.*  Because the purpose of tolling is to allow the state the first opportunity to resolve a habeas petitioner's federal claims, we concluded that the purpose of tolling is not implicated unless the post-conviction proceedings involve at least one of the claims actually being made in the federal habeas petition.

The government argues that while *Austin* was the law in this circuit until 2004, Bowen should have remained in state court in order to exhaust his ineffective assistance of counsel claim,

and then filed all of his federal claim in one petition. It argues that, under *Austin*, Bowen could have remained in state court to exhaust his ineffective assistance claim, because the exhaustion of any one federal ground would have tolled AEDPA's statute of limitation as it applied to all other federal habeas claims. The Government relies on the holding in *Austin*:

> [A] state petition for post-conviction or other collateral review that does not address **one or more** of the grounds of the federal habeas petition in question is not a review "with respect to the pertinent judgment or claim" within the meaning of 28 U.S.C. § 2244(d)(2), therefore does not toll the one-year AEDPA statute of limitation.

Resp. Brief at 7 (citing *Austin*, 200 F.3d at 395) (emphasis in Resp. Brief). However, as Bowen points out, the question of whether a federally cognizable claim in state post-conviction proceedings will toll *other* claims, already made final, was neither before, nor decided by, the *Austin* court. It does not follow from the holding of *Austin* that any one federally cognizable claim will toll the statute of limitation for all of a petitioner's habeas claims.

Other circuit courts immediately rejected our analysis in *Austin*. *See Ford v. Moore*, 296 F.3d 1035, 1040 (11th Cir. 2002); *Sweger v. Chesney*, 294 F.3d 506, 517 (3d Cir. 2002) ("Reading this language to require that the state post-conviction proceeding raise the claims contained in the habeas petition ignores the use of the word 'judgment' in the statute."); *Carter v. Litscher*, 275 F.3d 663, 665 (7th Cir. 2001) ("*Austin* reads the word 'judgment' out of § 2244(d)(2) and tolls the time only while a particular 'claim' (which Austin took to mean 'theory of relief') is before the state court."); *Tillema v. Long*, 253 F.3d 494, 502 n.10 (9th Cir. 2001) ("[T]he Sixth Circuit made no attempt to account for the inclusion of the word 'judgment,' as well as the word 'claim,' in the text of section 2244(d)(2).").

In a subsequent en banc decision, we held that the *Austin* panel erred in its analysis of § 2244(d)(2). *Cowherd v. Million*, 380 F.3d 909 (6th Cir. 2004). Following the analysis of every other circuit court to consider *Austin*, the *Cowherd* court held that *Austin* read the word "judgment" out of § 2244(d)(2) in its holding that state post-conviction proceedings for a claim not at issue in the subsequent habeas proceeding do not toll AEDPA's statute of limitation. *Cowherd*, 380 F.3d at 914.

Our opinion in *Cowherd* clarified the holding of *Austin*; state post-conviction proceedings with respect to a *claim* would toll AEDPA's statute of limitation, but state proceedings related to the general judgment would not toll those claims that were not at issue in the precise state proceedings. Because *Austin* implied that state post-conviction proceedings on Bowen's ineffective assistance claims would not toll AEDPA's statute of limitation as it applied to his already exhausted claims, Bowen had no recourse but to file his exhausted claims for federal habeas review before exhausting his remaining claims, as it had been nearly one year since he had exhausted his state remedies with regard to those claims.

Furthermore, Bowen could not file his exhausted claims along with his unexhausted claims, because his "mixed petition" would be dismissed pursuant to *Rose v. Lundy*, 455 U.S. 509 (1982). In *Rose*, the Supreme Court adopted a complete exhaustion rule, which requires federal courts to dismiss petitions that contain both exhausted and unexhausted claims. *Id.* at 522. Petitioners who brought mixed petitions were entitled to resubmit petitions with only exhausted claims, or were allowed to exhaust the remainder of their claims and then resubmit all their now-exhausted claims. *Id.* at 520. Notably, *Rose* was decided before the effective date of AEDPA, and thus does not discuss the effect dismissing mixed petitions might have on the tolling of AEDPA's statute of limitation.

Given *Rose* and *Austin*, if Bowen had presented his mixed petition between 2000 and 2004 it would have been dismissed, and state court proceedings would not toll AEDPA's statute of limitation as it applied to his already exhausted state law claims. When Bowen filed his first petition, we had not yet approved of the "stay and abeyance" procedure, which some courts have adopted in order to allow habeas review of those petitions for which the one-year statute tolls while they remain pending before the district court, only to have them dismissed due to an unexhausted claim.**2** *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002) (acknowledging and approving the stay and abeyance procedure). The Supreme Court did not recognize the scope of a district court's power to stay such proceedings until last term. *See Rhines v. Weber*, 125 S. Ct. 1528 (2005). Thus, in 2000, Bowen could not have relied on the procedure now in place that would have allowed a district court to retain jurisdiction over Bowen's appeal while he exhausted his ineffective assistance claim.

B. Second or Successive Petitions

Generally, a state prisoner cannot file a second or successive habeas corpus petition without first moving in the appropriate court of appeals for an order authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A). In order to obtain such authorization, the petitioner must make a prima facie showing that either: (1) a new rule of constitutional law applies to his case that the Supreme Court has made retroactive to cases on collateral review; or (2) there is a newly discovered factual predicate which, if proven, sufficiently establishes that no reasonable fact-finder would have found the applicant guilty of the underlying offense but for constitutional error. 28 U.S.C. § 2244(b); *In re Clemmons*, 259 F.3d 489, 491 (6th Cir. 2001).

The Supreme Court has made clear that not every numerically second petition is "second or successive" for purposes of AEDPA. *Slack v. McDaniels*, 529 U.S. 473, 487 (2000) (a petition filed after a mixed petition has been dismissed before the district court has adjudicated any claim is not a second or successive petition); *Martinez-Villareal v. Stewart*, 523 U.S. 637 (1998) (a numerically second petition alleging a claim that was contained in a first petition, but dismissed as unripe, is not second or successive); *see also Carslon v. Pitcher*, 137 F.3d 416, 419 (6th Cir. 1998) (same). Although § 2244(b) specifies the treatment of second or successive petitions, courts defining "second or successive" generally apply abuse of the writ decisions, including those decisions that predated AEDPA. *Martinez-Villereal*, 529 U.S. at 643-45 (considering "abuse of the writ" cases in determining whether petitioner's *Ford* claim is second or successive); *see also Singleton v. Norris*, 319 F.3d 1018, 1023 (8th Cir. 2003); *Esposito v. United States*, 135 F.3d 111, 113 (2d Cir. 1997) (per curiam); *Pratt v. United States*, 129 F.3d 54, 60 (1st Cir. 1997), *cert. denied*, 523 U.S. 1123 (1998); *Reeves v. Little*, 120 F.3d 1136, 1138 (10th Cir. 1997) (per curiam). In *Sanders v. United States*, 373 U.S. 1 (1948), the Supreme Court explained abuse of the writ:

> [I]f a prisoner deliberately withholds one of two grounds for federal collateral relief at the time of filing his first application, in the hope of being granted two hearings rather than one or for some other such reason, he may be deemed to have waived his right to a hearing on a second application presenting the withheld ground....Nothing in the traditions of habeas corpus requires the federal courts to tolerate needless, piecemeal litigation, or to entertain collateral proceedings whose only purpose is to vex, harass, or delay.

---

**2**Under the stay and abeyance procedure, district courts retain jurisdiction over mixed petitions and stay further proceedings pending the complete exhaustion of state remedies. *Duncan v. Walker*, 533 U.S. 167, 182-83 (2001) (Stevens, J., concurring). The procedure serves as an alternative to simply denying a petition containing unexhausted claims when the failure to retain jurisdiction would foreclose federal review of a meritorious claim because of the lapse of AEDPA's one-year limitations period.

*Id.* at 18. Under the abuse of the writ doctrine, a numerically second petition is "second" when it raises a claim that could have been raised in the first petition but was not so raised, either due to deliberate abandonment or inexcusable neglect. *McClesky v. Zant*, 499 U.S. 467, 489 (1991).

In *Martinez-Villareal*, 523 U.S. 637 (1998), the Supreme Court considered whether a petition is successive if it presents an issue for the numerically second time that was not ripe for review at the filing of the first petition. There, the Court held that the prisoner's claim that he was not competent to be executed under *Ford v. Wainwright*, 477 U.S. 399 (1986), was not successive when brought in a numerically second petition upon ripening, after the claim was dismissed as unripe in the first petition. *Martinez-Villareal*, 523 U.S. at 644. The Court noted that to hold otherwise would bar prisoners from ever obtaining federal habeas review simply because a first petition was dismissed due to technical procedural reasons. *Id.* at 645. The Court explicitly noted that because Martinez-Villareal brought his *Ford* claim in his first petition, the Court was not required to decide the appropriate treatment of a claim raised for the first time only after the federal courts have rejected the prisoner's initial habeas application. *Id.* at 645, n.*. Although *Martinez-Villareal* does not control our determination as to whether Bowen's numerically second petition is barred, it does suggest the test we should apply in order to determine whether Bowen's claim is "second or successive." The Supreme Court has recognized that, although procedurally distinct, unripe and unexhausted claims are treated similarly under AEDPA. "[I]n both situations, the habeas petitioner does not receive an adjudication of his claim. To hold otherwise would mean that a dismissal of a first habeas petition for technical procedural reasons would bar the prisoner from ever obtaining habeas review." *Martinez-Villareal*, 523 U.S. at 645.

Similarly, Bowen's inability to bring his unexhausted claim with his exhausted, and nearly time-barred, claims should not preclude him from bringing them in this numerically second petition. Had *Austin* not been the law, Bowen would have been required either to exhaust all of his claims before filing his first habeas petition in order to bring all his exhausted claims at once, or submit all his claims within one year of direct appeal, understanding that his unexhausted ineffective assistance claim would result in the dismissal of his petition as mixed. However, given the state of the law in this circuit when Bowen's petition was considered, Bowen was unable to pursue either avenue. Under *Austin*, he risked losing federal review of his exhausted claims due to AEDPA's statute of limitation if he took either approach. Given *Austin,* if the district court had dismissed his mixed petition, the AEDPA statute of limitation would have tolled on his exhausted claims, potentially foreclosing review of those claims. Thus, Bowen risked the very outcome the court in *Martinez-Villareal* wished to avoid: "To hold otherwise would mean that a dismissal of a first habeas petition for technical procedural reasons would bar the prisoner from ever obtaining federal habeas review." *Martinez-Villareal*, 523 U.S. at 645.

Bowen's numerically second habeas petition was not abusive. He does not present a claim that was deliberately abandoned in an attempt to preserve an issue with which he could return to federal court for a second time. Given that Bowen was not motivated to withhold his unexhausted claim from his first habeas petition out of a desire to vex, harass or delay, but was rather barred as a matter of law from bringing his ineffective assistance claim in his first habeas petition through no actions of his own, it is not appropriate to subject Bowen's petition to the restrictions attendant to a second or successive petition.[3] Bowen's numerically second petition is not, therefore, "second or successive," and is not subject to the restrictions of 28 U.S.C. § 2244(b).

Of course, our decision affects only the numerically second petitions of those petitioners who properly presented federal habeas petitions in district courts in this circuit during the window

---

[3] Given that Bowen's numerically second petition was not successive, this Court need not decide if applying *Austin* to preclude Bowen from filing his numerically second petition would raise Suspension Clause concerns.

between *Austin* and *Cowherd*, and had other claims that could not be exhausted concurrently with those claims.

## III.

For the foregoing reasons, we DENY Bowen's motion to file a petition for writ of habeas corpus in the district court as unnecessary and TRANSFER his petition to the district court for proceedings consistent with this opinion.