**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
**File Name: 10a0506n.06**

**FILED**
**Aug 13, 2010**
LEONARD GREEN, Clerk

**No. 08-1580**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

|  |  |
|---|---|
| | ) |
| In re: FELIX ERNESTO SOSA | ) |
| | ) |
| Movant. | ) |
| | ) |

BEFORE: SILER and ROGERS, Circuit Judges, and BELL, District Judge.[*]

ROGERS, Circuit Judge. State prisoner Felix Ernesto Sosa has applied for leave to file a second or successive federal habeas petition alleging that his guilty plea was involuntary, his counsel was ineffective, and his sentence violates the U.S. Constitution. These claims were unexhausted when Sosa filed his first federal habeas petition based on an exhausted entrapment claim. Sosa's current claims are not "second or successive" for purposes of the Antiterrorism and Effective Death Penalty Act (AEDPA), however, under *In re Bowen*, 436 F.3d 699 (6th Cir. 2006). *Bowen* stands for the proposition that, where an earlier federal habeas petition had been brought during the limited period when *Austin v. Mitchell*, 200 F.3d 391, 395 (6th Cir. 1999), was the governing law of the circuit, a later federal habeas petition bringing claims exhausted in the interim might not be second or successive under 28 U.S.C. § 2244(b). Under *Bowen*, Sosa's motion for permission to file a second or successive petition is not necessary.

Sosa pled guilty in a Michigan trial court to conspiracy to deliver more than 650 grams of cocaine. He received a mandatory sentence of life imprisonment without parole. In his two direct

---

[*]The Honorable Robert Holmes Bell, United States District Judge for the Western District of Michigan, sitting by designation.

appeals, Sosa requested an entrapment hearing, alleged that his counsel rendered ineffective assistance by failing to discuss possible defenses with Sosa, moved to withdraw his guilty plea, and argued that his life sentence was cruel and unusual. The state appellate court granted Sosa an entrapment hearing, but affirmed the trial court's refusal to permit Sosa to withdraw his guilty plea, declined to rule on his ineffective assistance claim, and held that his Eighth Amendment claim had no merit. *People v. Sosa*, No. 169934, 1997 WL 33344605 (Mich. Ct. App. Aug. 15, 1997). On remand, the state trial court concluded that Sosa had not been entrapped. The state appellate court affirmed this conclusion, and Sosa's subsequent appeals failed. No. 213737, 1999 WL 33326782 (Mich. Ct. App. Dec. 28, 1999), *leave to appeal denied* 363 N.W.2d 127 (Mich. 2001).

In his first federal habeas petition, Sosa claimed entrapment and a related due process violation. This petition also failed. *Sosa v. Jones*, No. 02cv71797 (E.D. Mich. Jan. 30, 2003), *aff'd by* 389 F.3d 644 (6th Cir. 2004), *en banc denied*, No. 03-1195, 2005 U.S. App. LEXIS 1751 (6th Cir. Feb. 1, 2005), *cert. denied* 546 U.S. 883 (2005).

Sosa then moved for relief from judgment in state court and argued that his counsel rendered ineffective assistance and that his sentence was invalid. The state court denied Sosa's motion as to the ineffective assistance claim because Sosa did not raise that claim in his first direct appeal and because Sosa had failed to demonstrate cause and prejudice for this failure. *People v. Sosa*, No. 90-43068-FH, at ¶¶ 10-14 (Genesee County Circuit Court June 28, 2006). The state court also stated that Sosa "failed to demonstrate ineffective assistance of counsel." *Id.* at ¶ 15. The state court denied Sosa's motion as to the sentencing challenge because "[t]his court exercised its discretion when imposing [the] sentence," and it held that "[t]he sentence imposed was valid and contained no

tangible legal or procedural errors." *Id.* at ¶¶ 16-17. Sosa's motion for rehearing and subsequent

state appeals were unsuccessful. No. 90-43068-FH (Genesee County Circuit Court Sept. 19, 2006),

*delayed application for leave to file appeal denied*, No. 90-43068-FH (Mich. Ct. App. June 19,

2007), *application for leave to appeal denied*, 741 N.W.2d 314 (Mich. 2007).

In his present application for leave to file a second or successive habeas petition, Sosa alleges

that (1) his guilty plea was involuntary because the trial judge did not advise him of the minimum

sentence, (2) his counsel rendered ineffective assistance by failing to object to the trial court's failure

to advise Sosa of the minimum sentence, and (3) his sentence violates his Eighth Amendment, Due

Process, and Equal Protection rights. Sosa argues his petition is not second or successive because

these claims were unexhausted and not ripe when he filed his first federal habeas petition, in light

of *Austin* which was the controlling precedent of the Sixth Circuit when Sosa filed his first petition.[1]

Generally, a state prisoner may not bring a second federal habeas petition without permission

from the court of appeals, even if the second petition raises claims that had not been exhausted at

the time of the first habeas petition. 28 U.S.C. § 2244(b)(3). Instead, at the time of the first petition,

if the petition is not held in abeyance, the petitioner must either forgo unexhausted claims, or

voluntarily dismiss the then-exhausted claims so as later, once all the claims have been exhausted,

to bring all the claims together. Our court recognized this as the general rule in *Bowen*, 436 F.3d at

---

[1]In the alternative, Sosa argues that his claims are permissible grounds for a second or successive federal habeas petition under 28 U.S.C. § 2244(b)(3) because they are based on a new rule of constitutional law or facts previously unknown or undiscoverable with due diligence. We do not reach this argument.

704-705, and more recently the Supreme Court has definitively confirmed that this is the general rule in *Burton v. Stewart*, 549 U.S. 147, 154 (2007).

In *Bowen*, however, we recognized an exception for the time period in which a Sixth Circuit case on AEDPA's statute of limitations made it questionable whether exhausted claims would survive AEDPA's one-year statute of limitations if a state prisoner voluntarily dismissed those claims on federal habeas review so as to exhaust his remaining claims and return later to bring all the claims together. *Bowen*, 436 F.3d. at 705. In 1999 we had held in *Austin* that "a state petition for post-conviction or other collateral review that does not address one or more of the grounds of the federal habeas petition in question . . . does not toll the one-year AEDPA statute of limitations." 200 F.3d at 395. In 2004 we overruled *Austin* in *Cowherd v. Million*, 380 F.3d 909, 913-14 (6th Cir. 2004) (en banc), and held that state post-conviction relief tolls AEDPA's statute of limitations even if that relief does not raise a federally-cognizable claim. In *Bowen* we read *Austin* to have "implied that state post-conviction proceedings on Bowen's ineffective assistance claims would not toll AEDPA's statute of limitation as it applied to his already exhausted claims," so that "Bowen had no recourse but to file his exhausted claims for federal habeas review before exhausting his remaining claims." *Bowen*, 436 F.3d at 703. Otherwise, the court reasoned, the petitioner "risked losing federal review of his exhausted claims due to AEDPA's statute of limitation." *Id.* at 705. Therefore, Bowen could file a federal habeas petition raising his ineffective assistance claim. *Id.* at 706. *Bowen*'s logic was explicitly limited to "numerically second petitions of those petitioners who properly presented federal habeas petitions in district courts in this circuit during the window

between *Austin* and *Cowherd*, and had other claims that could not be exhausted concurrently with those claims." *Id.*

Sosa filed his first federal habeas petition during the *Austin-Cowherd* window, and the claims that he seeks to bring now do not appear to be ones that could have been exhausted at the time of the first petition. *Bowen* thus leads to the conclusion that Sosa's petition is not subject to the requirements of 28 U.S.C. § 2244.

This result is consistent with *Burton*, which confirmed the general rule regarding exhaustion and federal habeas petitions, but which did not address the exception recognized in *Bowen* based on circumstances peculiar to the Sixth Circuit. 549 U.S. at 147. The petitioner in *Burton* raised exhausted claims challenging his conviction in his first federal habeas petition while his unexhausted sentencing claims were pending in state court. *Id.* at 151. The Court held that AEDPA barred this petitioner from filing a second federal habeas petition based on those sentencing claims because he had "elect[ed] to proceed to adjudication of his exhausted claims [in federal habeas review]" without exhausting all claims, and therefore he could not "later assert that a subsequent petition is not 'second or successive' precisely because his new claims were unexhausted at the time he filed his first petition." *Id*. at 154. Unlike the petitioner in *Burton*, Sosa did not "elect" to proceed with only his exhausted claims in his first federal habeas petition—under *Austin* as interpreted in *Bowen*, Sosa had no recourse but to file his exhausted claim before exhausting his other claims, otherwise he risked losing federal review of his exhausted claims. *Burton* arose in the Ninth Circuit, which explicitly rejected *Austin*, *Tillema v. Long*, 253 F.3d 494, 502 n.10 (9th Cir.

2001), so there was no occasion in *Burton* for the Supreme Court to consider, much less reject, the reasoning of this court in *Bowen*.

For the foregoing reasons, we deny Sosa's motion to file a petition for writ of habeas corpus in the district court as unnecessary and transfer his petition to the district court for proceedings consistent with this opinion.