*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 12a0283p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

In re: KENNETH W. SMITH,

                *Movant*.

No. 12-3425

Appeal from the United States District Court
for the Southern District of Ohio at Cincinnati.
No. 1:12-cv-00196—Thomas M. Rose, District Judge.

Decided and Filed: August 24, 2012

Before: MOORE, CLAY, and STRANCH, Circuit Judges.

_____

**ORDER**

_____

Kenneth Smith filed in the district court a numerically second petition for a writ of habeas corpus that he claims is not "second or successive" within the meaning of 28 U.S.C. § 2244(b) because the claims included in the petition are newly ripe. The district court, uncertain whether the petition was "second or successive," transferred the case to us to decide that question in the first instance. We decline to do so.

A district court has jurisdiction to consider numerically second petitions that are not "second or successive" petitions within the meaning of 28 U.S.C. § 2244(b) and needs no authorization from us to consider them when they are filed in the district court. *See Stewart v. Martinez-Villareal*, 523 U.S. 637, 642 (1998) (holding "no need for [petitioner] to apply for authorization to file a second or successive petition" from court of appeals because petition not successive); *see also Magwood v. Patterson*, 130 S. Ct. 2788, 2796, 2803 (2010) (holding district court did not err in considering merits of new petition without prior authorization because petition was not successive); *Burton v. Stewart*, 549 U.S. 147, 153 (2007) (holding district court lacked jurisdiction to review

1

new petition because it was successive and therefore required authorization); *Panetti v. Quarterman*, 551 U.S. 930, 947 (2007) (holding district court properly considered merits of new petition because not successive; no prior involvement from court of appeals).

Our opinion in *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997), which came before the Supreme Court's long line of cases clarifying the meaning of "successive," does not hold that district courts may transfer a numerically second petition to the court of appeals to decide in the first instance whether the petition is "successive" under § 2244(b). Indeed, that would contradict the clear language in *Martinez-Villareal* and subsequent cases that a district court may (and should) rule on newly ripe claims and is "not required to get authorization" from the court of appeals before doing so. 523 U.S. at 644. Instead, *Sims* instructs district courts to transfer only "successive" petitions to our court for want of jurisdiction under 28 U.S.C. § 1631 rather than dismiss them outright.

Here, however, the district court never ruled that Smith's petition was successive and therefore that the district court lacked jurisdiction. Instead, the district court was "in doubt" of its jurisdiction over the petition, and because the issue was "unclear," decided to transfer the petition to us to decide the jurisdictional question. R. 10 (Order at 4-6) (Page ID #128-30). The district court suggested that "the Judicial Code offers a plainly available method *to determine* jurisdiction," but cites only *Sims*. *Id.* at 6 (emphasis added) (Page ID #130). We have found no rule, statute, or case that permits a lower court to transfer a case to an appellate court when it is uncertain of its jurisdiction for an advisory ruling. As discussed above, *Sims* offers instructions on what district courts should do *after* determining that a lower court lacks jurisdiction; *Sims* does not create a mechanism for uncertain district courts to transfer petitions to us for guidance on their jurisdiction to hear a case.

We therefore **VACATE** the district court's transfer order as premature and **REMAND** for a determination in the first instance of whether Smith's claims are successive within the meaning of 28 U.S.C. § 2244(b).

IT IS SO ORDERED.

---

**CONCURRING IN PART**

---

CLAY, Circuit Judge, concurring in part. Under 28 U.S.C. § 2244, second-in-time applications for a writ of habeas corpus are deemed "second or successive" unless the claim(s) therein are based upon on a new constitutional rule of law that is retroactively applicable or the factual basis for the claim(s) could not have been discovered prior to the filing of the first habeas application and would demonstrate the petitioner's innocence. 28 U.S.C. § 2244(b)(2). If a claim is "deemed to arise in a 'second or successive habeas corpus application,'" then "the petitioner must obtain leave from the Court of Appeals before filing it with the district court." *Magwood v. Patterson*, 130 S. Ct. 2788, 2796 (2010) (citing 28 U.S.C. § 2244(b)(3)(A)). Without authorization from the Court of Appeals, the district court must dismiss a second or successive petition. 28 U.S.C. § 2244(b)(1). If, however, a habeas petition is "not second or successive, it [is] not subject to § 2244(b) at all," and the claims are immediately reviewable by the district court without the necessity of authorization from a Court of Appeals. *Magwood*, 130 S. Ct. at 2796; *Stewart v. Martinez-Villareal*, 523 U.S. 637, 643–45 (1998); *Storey v. Vasbinder*, 657 F.3d 372, 376–78 (6th Cir. 2011).

I agree with the majority that when a petitioner files a habeas application in the district court, the district court must decide in the first instance 1) whether the habeas application is deemed second or successive under 28 U.S.C. § 2244(b) and thus must be transferred to the Court of Appeals for authorization prior to being considered, 28 U.S.C. § 2244(b)(3)(A); *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997); or 2) whether the application is not second or successive and thus may be immediately reviewed by the district court. *See In re Bowen*, 436 F.3d 699, 705–06 (6th Cir. 2006). However, regardless of whether the district court's order in this case explicitly found Smith's habeas petition to be second or successive, the magistrate judge did in fact transfer Smith's petition to our Court; consequently, we should determine the most prudent and advisable disposition given the procedural status of the case.

The majority remands the case for the district court to expressly state whether Smith's petition is second or successive. Following these instructions on remand, the district court could decide that the petition is not second or successive and then proceed to review it on the merits. *Martinez-Villareal*, 523 U.S. at 645–46. Alternatively, the district court could decide that the petition is second or successive and again transfer the petition to our Court for authorization under § 2244(b)(3)(A) to proceed to the merits of the habeas claims. *Magwood*, 130 S. Ct. at 2796; *Sims*, 111 F.3d at 47. If the latter circumstance occurs, we would be in the identical position that we are in currently, but the time, energy, and resources of this Court and the parties will have been expended to relitigate the same matters presented twice below and on appeal. Consequently, in the interest of judicial economy, I would reach the issue and hold that the petition is not second or successive and thus needs no authorization from this Court to proceed. *See generally Salling v. Budget Rent-A-Car Sys.*, 672 F.3d 442, 444 (6th Cir. 2012); *Lexicon, Inc. v. Safeco Ins. Co. of Am.*, 436 F.3d 662, 670 n.6 (6th Cir. 2006). This decision is warranted because Smith's claims involve the constitutionality of Ohio's new lethal injection execution policy and protocol, which was not adopted until September 18, 2011, as well as the constitutionality of the protocol as it applies to Smith, given his recent 2009 diagnosis with laryngeal cancer and other medical problems. Smith alleges that the procedures under the new protocol would create unconstitutionally extreme and unnecessary pain given his physical condition and treating medical devices that affect his ability to lie on his back, speak, eat, drink, and breathe. These claims were not ripe at the time Smith filed his prior habeas petition. Needless to say, as a result, this case would be remanded to the district court for the issues to be addressed on the merits. *Bowen*, 436 F.3d at 705–06.

ENTERED BY ORDER OF THE COURT

/s/ Leonard Green

Clerk